**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:20-cr-00185-BRM-4 |
| v. | |
| NAJIER BOONE, | **OPINION** |
| Defendant. | |

Before the Court is Plaintiff United States of America's ("Government") Motion to Reconsider. (Gov't Mov. Br. (ECF No. 476).) The Government seeks reconsideration of this Court's Order and Opinion dated October 25, 2022, which sustained Defendant Najier Boone's ("Defendant") objections to the assessment of one criminal history point for a prior conviction and to a career offender designation. (Order and Op. (ECF Nos. 470, 471).) Defendant filed an opposition to the Government's motion (Def. Opp. Br. (ECF No. 477)), the Government filed a reply (Gov't Reply Br. (ECF No. 484)), and Defendant filed a sur-reply (Def. Sur-Reply Br. (ECF No. 485)). Having reviewed the parties' submissions filed in connection with the Government's Motion to Reconsider, for the reasons set forth in this Opinion, and for good cause having been shown, the Government's Motion to Reconsider (ECF No. 476) is **DENIED**.

I.   **BACKGROUND**

Because this Court has previously described the factual background and history underlying the Government's Motion to Reconsider (ECF No. 470 at 2–3), the Court will only briefly describe matters relevant to the pending motion.

On July 25, 2022, this Court held proceedings and heard oral argument as to Defendant's objections to the calculation of his criminal history score and career offender designation. (ECF Nos. 439, 451.) Following oral argument, this Court reserved its decision and issued an Order and Opinion on October 25, 2022. (ECF Nos. 451, 470, 471.) In relevant part, Defendant argued his 2015 conviction under Section 2C:35-7 for distribution of CDS in a school zone was not a predicate offense because New Jersey's definition of CDS, as found in N.J. Stat. Ann. § 2C:35-2, was categorically overbroad. (ECF No. 470 at 7.)

In resolving the issue, this Court was tasked with three questions to determine whether Section 2C:35-7 was a "controlled substance offense" for the purposes of a career offender enhancement: (1) whether Section 2C:35-7 was divisible; (2) if Section 2C:35-7 was divisible, whether the *Shephard* documents established with certainty which subsection of Section 2C:35-7 provided the basis for Defendant's conviction; and (3) whether the specific subsection was broader or narrower than, or equivalent to, the definition of a "controlled substance offense" under the Guidelines. (ECF No. 470 at 8.)

As to the first question, Defendant contended the statute as divisible only as to whether the violation involved less than one ounce of marijuana or "all other cases." (ECF No. 470 at 8.) That once this Court consulted the *Shepard* documents and determined Defendant was not convicted for marijuana, the application of the categorical approach would demonstrate the definition of CDS under Section 2C:35-7 is broader than the Guidelines definition. (*Id.*) The Government, by

contrast, argued that the Court must analyze the two statutes, Section 2C:35-7 and N.J. Stat. Ann. § 2C:35-5 together, because § 2C:35-5 was incorporated by reference into Section 2C:35-7. And as a result, this Court should apply the modified categorical approach to both statutes because they were divisible. (*Id.*) Ultimately, this Court found Section 2C:35-7 clearly divisible as it provided for two different punishments but only into two alternative elements, namely violations involving less than one ounce of marijuana, and all other cases—including CDS. (*Id.* at 9.)

Having found Section 2C:35-7 as divisible, this Court then needed to resolve the second question, whether the *Shepard* documents established with certainty which subsection of 2C:35-7 provided the basis for Defendant's conviction. The parties supplied the Court with a copy of the plea form, judgment of conviction, and a state court system-generated electronic case summary. (ECF No. 470 at 9.) After reviewing the documents, this Court found Defendant was not convicted of a violation involving marijuana. (*Id.*) Defendant's conviction, rather, fell under the "all other cases" provision of Section 2C:35-7. This conclusion the Court reached with certainty. (*Id.*) The supplied documents also established that Defendant was not convicted under N.J. Stat. Ann. § 2C:35-5. (*Id.* at 9 (citing Section 2C:35-7(c) (prohibiting the merger of a conviction arising under Section 2C:35-7 with a conviction for a violation of N.J. Stat. Ann. § 2C:35-5)).) This Court, therefore, did not assess the divisibility of N.J. Stat. Ann. § 2C:35-5.

Lastly, utilizing the categorical approach, this Court assessed whether a conviction arising under the "all other cases" subsection categorically qualified as a "controlled substance offense" under the Guidelines. In doing so, this Court analyzed both the Guidelines and interpretative case law, including *United States v. Lewis*, which surveyed nine circuits and their respective constructions of the term "controlled substance." (*Id.* at 10–11 (citing *United States v. Lewis*, No. 20-583, 2021 U.S. Dist. LEXIS 149938, *12–14 (D.N.J. Aug. 10, 2021)).) The Third Circuit, by

comparison, had yet to address the issue. (ECF No. 470 at 11.) After finding an absence of precedential authority and after thoroughly reviewing persuasive case law, this Court concluded the term "controlled substance" in U.S.S.G. § 4B1.2(b) to be defined by the CSA. (*Id.* at 15.) In sum, this Court found no clear indication in either the Guidelines themselves or surrounding context to support the Government's contention that the Court could have examined state drug schedules to determine whether a prior conviction constitutes a "controlled substance offense" for a career offender sentencing enhancement. (*Id.*)

As a result, this Court, under the categorical approach, concluded that because New Jersey's controlled substance definition criminalized more substances than the CSA, it was broader than its federal counterpart. (ECF No. 470 at 15.) As such, Defendant's conviction under Section 2C:35-7 did not constitute one of the two predicate offenses necessary to satisfy the third prong in U.S.S.G. § 4B1.1(a) for a career offender enhancement. (*Id.*)

On November 4, 2022, the Government filed a letter, in lieu of a formal motion, asking this Court to reconsider its October 25, 2022 Order and Opinion (ECF No. 476) wherein this Court sustained Defendant's objection to his career offender designation based on the finding that his 2015 conviction for distribution of CDS under Section 2C:35-7 was not a career offender predicate. (ECF No. 470).

**II.    LEGAL STANDARD**

While not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) and supplement the Federal Rules of Criminal Procedure in all proceedings when not inconsistent therewith. L.Civ.R. 1.1(a). *See Dunn v. Reed Grp., Inc.,* Civ. A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.,* Civ. A. No. 07-2983,

2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001); *see also United States v. Baer*, 2019 WL 1379879, at *7 (D.N.J. Mar. 27, 2019), *aff'd*, 843 F. App'x 472 (3d Cir. 2021). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i); *see Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."); *see also United States v. Akinola*, 2017 WL 1179149, at *1 (D.N.J. Mar. 27, 2017). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *accord N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194 (3d Cir. 1995). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09- 4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). Therefore, a party "must demonstrate that (1) the holdings on which it

bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

### III. DECISION

The Government argues this Court should reconsider its October 25, 2022 Order and Decision sustaining Defendant's objection to his career offender designation. (ECF No. 476 at 2.) This conclusion was based on this Court's determination that Defendant's 2015 conviction for distribution of CDS in violation of Section 2C:35-7 was not a career offender predicate. (ECF No. 470.) The Government asserts that this Court did not fully consider the United States' arguments relating to the divisibility of Section 2C:35-7 and the definition of "controlled substance" as it relates to Section 4B1.2 of the Guidelines. (ECF No. 476 at 2.)

As to the Government's arguments regarding the divisibility of Section 2C:35-7, the Government points to a footnote in *United States v. Aviles*, 938 F.3d 503 (3d Cir. 2019) and a series of state and federal court decisions. (ECF No. 476 at 2.) As to this Court's determination regarding the definition of "controlled substance" under Section 4B1.2 of the Guidelines, the Government references a statement issued by the Third Circuit. (ECF No. 476 at 3.) More

specifically, the Government cites, what they argue to be, a cautionary statement issued by the panel related to any reliance on *Aviles'* suggestion that New Jersey criminalized a broader array of substances than found in the federal drug schedules. (*Id.*) That comment, the Government notes, was made "in passing." (*Id.*) After careful consideration, however, this Court finds insufficient grounds upon which to grant the Government's request and thereby denies the Government's motion.

In contemplating what this Court might have overlooked, the Government references neither an intervening change in the controlling law, nor the availability of new evidence that was previously unavailable when this Court made its initial decision. A generous reading, therefore, of the Government's motion must be based on a need to correct a clear error of law. *See Max's Seafood Cafe*, 176 F.3d at 677; *accord N. River Ins. Co.*, 52 F.3d at 1194 (finding that to prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice"). The Court committed a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09- 4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)).

This Court, in its October 25, 2022 Order and Decision, expressly considered the Government's argument that Section 2C:35-7 incorporates by reference Section 2C:35-5. And therefore, this Court, having found the statutes divisible, should have applied the modified categorical approach. (ECF No. 470 at 8 (citing Gov. Reply Br. at 6–7).) This Court however, rather than reaching the Government's preferred conclusion, found with certainty—and after

having considered the *Shepard* documents—that Defendant was not convicted of a violation involving marijuana, but rather the "all other cases" provision of Section 2C:35-7. (ECF No. 470 at 9.) This Court then concluded that the supplied documents also established with certainty that Defendant was not convicted under Section 2C:35-5. (*Id.* (finding that Section 2C:35-7(c) prohibits the merger of a conviction arising under Section 2C:35-7 with a conviction for a violation of Section 2C:35-5).) As a result, this Court did not assess the divisibility of Section 2C:35-5 and applied the categorical approach to its interpretation of 2C:35-7. (ECF No. 470.)

The Court, therefore, finds sufficient support in the record to support its previous October 25, 2022, Order and Decision. The Government's first point, this Court believes, is more aptly characterized as mere disagreement insufficient to grant this extremely limited procedural vehicle, which on its face, is to be used sparingly. *See Langan Eng'g & Env't Servs., Inc.*, 2008 WL 4330048, at *1 (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted); *see also Compaction Sys. Corp.*, 88 F. Supp. 2d at 345 ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano*, 2006 WL 3831225, at *2 ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

As to the Government's second argument, and for similar reasons as mentioned above, this Court finds sufficient support in the record to uphold its previous October 25, 2022 Order and Decision. Again, the Court finds the Government's arguments here more akin to mere disagreement than a clear error of law. For example, the Government contends that New Jersey statutes are written to be aligned with the CSA. (ECF No. 476 at 3.) In support of this contention,

the Government points to a state appellate decision, the holding of which is not controlling on this Court and does not represent a clear error of law. (*Id.*) The Government, furthermore, points to *United States v. Vega*, 2022 WL 1552993 (3d Cir. 2022) to note the panel's statement about *Aviles*. (ECF No. 476 at 3.) However, as the Government itself concedes, the decision was not precedential and when examined again, the label "warning," as the Government ascribes it, is itself a stretch. *Id.* at 2–3; *see United States v. Vega*, 2022 WL 1552993, at 1–2 (3d Cir. 2022) (limiting its holding, in part, to a plain error review of new arguments raised on appeal and rejecting Vega's contention that Section 2C:35-7 prohibited conduct involving flunitrazepam, GHB, and PCP while 21 U.S.C. § 802's definition of "felony drug offense" did not include those three drugs). That said, this Court declines to read in additional meaning beyond the scope of the plain text and its specific and confined holding.

Upon further review, and after careful consideration of this Court's previous October 25, 2022 Order and Decision, this Court finds the Government's second point insufficient to grant its requested relief. This Court finds the Government's argument to be mere disagreement and its referenced authorities to be non-precedential and more narrowly tailored than the Government

suggests. As such, this Court finds no clear error of law and sufficient support existing on the record to uphold its original decision.

IV. **CONCLUSION**

For the reasons set forth above, the Government's Motion for Reconsideration (ECF No. 476) is **DENIED**. An appropriate order follows.

Date: December 15, 2022

>                              */s/Brian R. Martinotti*
>                              **BRIAN R. MARTINOTTI**
>                              **UNITED STATES DISTRICT JUDGE**